FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RAMON MORFIN-GUTIERREZ,<br><br>　　　　　　Defendant. | No.　4:17-cr-06043-SMJ-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, is Defendant's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) to vacate, set aside, or correct sentence by a person in federal custody, and related motion for appointment of counsel. ECF No. 73. Having reviewed the relevant record, the Court is fully informed and denies the motion with leave to renew.

## BACKGROUND

On March 9, 2018, Defendant pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). ECF Nos. 52–53. On June 14, 2018, the Court sentenced Defendant to 120 months' custody. ECF No. 70. Defendant is currently housed at Loretto FCI in Loretto, Pennsylvania with a projected release date of May 8, 2026.

*BOP Inmate Locator*, BOP, https://www.bop.gov/inmateloc/ (last accessed Mar. 31, 2022).

Defendant now seeks compassionate release because of the risks created by the coronavirus (COVID-19) pandemic. ECF No. 73. Defendant, 69, claims to suffer from "incurable and progressive illnesses," including heart failure, arthritis, high blood pressure, and several other ailments, though he has not submitted any corroborating medical records. ECF No. 73 at 5. He also submits that walking and standing has become painful for him, so he spends most of his time in bed and is unable to maintain basic self-care. *Id.*

On November 12, 2021, the Government responded to Defendant's motion. ECF No. 76. Defendant then submitted a notice indicating that he had transferred BOP facilities and requested an extension of time to reply to the Government's response. ECF No. 77 at 1–2. The Court granted Defendant the requested extension, but the Order sent by mail was returned as undeliverable. ECF No. 79. The Clerk's Office then resent the Order granting the extension to an updated address for Defendant's facility. Defendant never filed a reply.

As of March 31, 2022, FCI Loretto has had at least 856 cases of COVID-19, and at least one inmate has died. COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last accessed Mar. 31, 2022). BOP currently lists 0 active inmate cases and 0 cases among staff. *Id.*

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors provided in 18 U.S.C § 3553(a). 18 U.S.C. § 3582(c)(1)(A). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

## DISCUSSION

**A.    Defendant exhausted his administrative remedies**

Having reviewed the materials Defendant submitted with his motion for early release, the Court concludes he has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, it appears Defendant sought relief from the warden of his facility on October 22, 2020, and again on November 5, 2020. ECF No. 73 at 12–14. More than thirty days have

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

elapsed since the receipt of Defendant's requests to the warden. As a result, the Court is satisfied Defendant has met the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

**B.    Defendant has not demonstrated extraordinary and compelling reasons warranting release**

Turning to the merits of Defendant's request, the Court finds he has failed to establish "extraordinary and compelling reasons" warranting a reduction in his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Further, the crime of conviction is a serious offense, warranting 120 months of incarceration.

In support of his motion for compassionate release, Defendant asserts that he suffers from several medical ailments, the most serious being heart failure. *Id.* The CDC reports that heart failure, as well as several of the other ailments Defendant purports to suffer from, put a person at greater risk of suffering from severe illness if they contract COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Mar. 31, 2022). The CDC also reports that persons between the ages of 65 and 74, such as Defendant, are five times more likely to be hospitalized from COVID-19 and 65 times more likely to die from the virus. *Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations discovery/hospitalization-death-by-age.html (last accessed Mar. 31, 2022).

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

Given Defendant's age and purported medical conditions, he is rightly concerned about the risk associated with contracting COVID-19. But, Defendant's facility currently has no active inmate cases and it appears his facility has adequately managed the spread of the virus. Moreover, Defendant articulates no "extraordinary" diagnoses that warrant early release. While Defendant proffers that he suffers from heart failure, his medical records, submitted by the Government, do not reflect this diagnosis or associated symptoms. See ECF No. 76-1. On this point, the Court agrees with the Government that such a significant diagnosis would likely appear in his medical records. *See* ECF No. 76 at 8. Defendant's medical records indicate that he suffers from hypertension, but it appears he takes medication to adequately manage this risk. *See* ECF No. 76-1; *see also United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (affirming district court's conclusion that the defendant's hypertension was not an extraordinary and compelling reason warranting release).

Additionally, Defendant's medical records show that he has been vaccinated against COVID-19, which mitigates the risk associated with the virus. *See United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021). Given this, as well as the lack of documentation corroborating Defendant's purported ailments, the Court finds that Defendant remains able to adequately manage his health conditions while incarcerated. Thus, the Court finds his situation falls short of the

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

"extraordinary and compelling" standard required under 18 U.S.C. § 3582(c). Defendant, however, may renew his motion if it is supported by appropriate medical documentation showing that he suffers from heart failure.

Finally, the Court must consider the Section 3553(a) factors. Along with the kinds of sentences available and the sentencing range established by the guidelines, Section 3553(a) also instructs the Court to consider:

> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Despite the increased risk posed by the pandemic, the Court concludes that Defendant's sentence continues to reflect the concerning nature and circumstances of the offense and avoids unwarranted sentencing disparities. Defendant, whose criminal history was category III at the time of his sentencing, possessed with the intent to distribute 500 grams or more of methamphetamine, which the Court considers a serious offense. His criminal history spans decades, and the Court is concerned that despite Defendant's age at the time of his offense, he still maintained a criminal lifestyle. Defendant's punishment remains just and will protect the

public. Ultimately, the pandemic represents a serious, but not extraordinary, risk to Defendant, and the sentencing criteria do not favor a reduction in his sentence.

**C.     Motion to Appoint Counsel**

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). At this time, the Court will not appoint counsel, as Defendant has shown an ability to articulate his claims and manage this matter. Should Defendant choose to renew his motion with supporting medical documentation, as described above, Defendant may also renew his motion to appoint counsel.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) to vacate, set aside, or correct sentence by a person in federal custody, and related motion for appointment of counsel, **ECF No. 73**, are **DENIED WITH LEAVE TO RENEW**.

//

//

//

//

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 7

1  //

2  //

3  **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

4  provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

5  **DATED** this 1st day of April 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 8